CROSBY *vs.* HEARTT.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Where a draft or order is not in its form negotiable, but if it is accepted *payable to the order* of the payee, it thereby becomes negotiable.

In negotiable instruments the plea of error or mistake is not available against an endorsee.

This is an action on a draft or order accepted by the defendant, as follows :

" MR. H. G. HEARTT,"

" Sir : Please to pay to Wm. H. Ker, the above sum of three hundred and eighty-three dollars and five cents, and charge the same to me, on account of the building I am now constructing for you.

CHARLES FERDON."

" I will pay to the order of Wm. H. Ker, the above sum of three hundred and eighty-three dollars and five cents, out of the second payment I have to pay Charles Ferdon, on my building on Constance-street, as per contract before W. Y. Lewis. New-Orleans, 23d August, 1839.

H. G. HEARTT."

The defendant excepted, alleging the suit was premature ; that the second payment was not yet due, on which the payment of the order depended as a precedent condition. This exception was overruled.

In answer to the merits, the defendant denied that the terms and conditions of his acceptance were fulfilled, or the work was done on which the second payment depended, and further, that the plank and lumber charged in W. H. Ker's bill, for which the order was drawn, was not in fact furnished, as stated, by him, but by another person.

The contract showed that the second payment or instalment was to be paid as the building advanced and when the work arrived at a certain stage.

The evidence showed that the building was progressing when payment of this order was demanded; but the precise state of forwardness cannot be ascertained from the statement of the witnesses. Ker assigned this order or draft to the plaintiff.

There was judgment in his favor, and the defendant appealed.

*G. B. Duncan*, for the plaintiff.

*Cohen*, contra.

*Martin, J.*, delivered the opinion of the court.

The defendant having employed one Charles Ferdon to build him a house, the latter gave an order on him in favor of Wm. H. Ker, for the amount of certain materials furnished, which was accepted, payable to *Ker's order*, out of the second instalment to become due for the building of the house. Ker endorsed this draft to the plaintiff, the recovery of which is the object of the present suit.

The defendant pleaded that the suit was premature, that the second instalment was not yet due; and that he accepted the order through mistake. There was judgment against him, and he appealed.

The Commercial Court, in our opinion, did not err in overruling the plea to the prematurity of the suit. The evidence shows that the second instalment, on the falling due of which the draft was to be paid, was payable by the advance of the work.

Where a draft or order is not in its form negotiable, but if it is accepted, *payable to the order* of the payee, it thereby becomes negotiable.

EASTERN DIST.    It is true the draft was not, in its form, negotiable, but the
*May*, 1840.     defendant by accepting it payable *to the order* of Ker, gave it

NOTT & CO.      negotiability.   In negotiable instruments the plea of error or
*vs.*           mistake, like that of absence or the failure of consideration,
PAPET ET AL.    
In negotiable   is not available against an endorsee.
instruments the
plea of error or    It is, therefore, ordered, adjudged and decreed, that the
mistake is not
available against judgment of the Commercial Court be affirmed, with costs.
an endorsee.